**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Corry Alexis Hawkins,<br><br>    Petitioner<br><br>v.<br><br>Calvin Johnson, et al.,<br><br>    Respondents | Case No.: 2:20-cv-01852-JAD-VCF<br><br>**Order Formally Appointing of Counsel and Directing Filing of First Amended Petition**<br><br>[ECF No. 12] |

The Federal Public Defender having now appeared on behalf of petitioner, Corry Alexis Hawkins;[1]

IT IS THEREFORE ORDERED that the Federal Public Defender is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that petitioner has until June 7, 2021, to file a first amended petition or seek other appropriate relief. Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims without regard to any deadlines established or extensions granted herein. By setting a deadline to amend the petition or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.[2]

---

[1] ECF No. 12.

[2] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that respondents will have 60 days after service of a first amended petition to file a response to it (including any motion to dismiss); petitioner must file any reply within 30 days of service of an answer. If respondents file a motion instead of an answer, the response and reply deadlines set by Local Rule LR 7-2(b) will apply for that motion.

Because it would be judicially inefficient and taxing on the parties and the Court to address procedural defenses in this case in multiple successive motions to dismiss or embedded in the answer, IT IS FURTHER ORDERED that respondents must raise any procedural defenses to the counseled first amended petition together in a single, consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents thus may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as permitted by 28 U.S.C. § 2254(b)(2) for any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (1) they must do so within the single motion to dismiss not in the answer, and (2) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). No procedural defenses, including exhaustion, may be included with the merits in an answer; all procedural defenses, including exhaustion, must be raised instead by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response to that claim.

///

///

///

IT FURTHER IS ORDERED that the paper-copy rule in Local Rule LR IC 2-2(g) is SUSPENDED for this case; paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the Court.

Dated: February 5, 2021

_____
U.S. District Judge