UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CORRY ALEXIS HAWKINS,<br><br>                  Petitioner<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>                  Respondents | Case No. 2:20-cv-01852-CDS-VCF<br><br>Order Denying Motion for Stay and Abeyance Without Prejudice<br><br>[ECF No. 31] |

I.    SUMMARY

Petitioner Corry Alexis Hawkins filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 22) ("petition"). Hawkins has filed a motion seeking a stay and abeyance (ECF No. 31) to return to state court to ostensibly present "new claims for relief" for Grounds 1, 2(A), 3 and 6(A) in the petition. ECF Nos. 31; 62 at 3. Respondents filed an opposition and Hawkins filed a reply brief. ECF Nos. 61; 62. The Court will deny the motion for stay and abeyance without prejudice.

II.    BACKGROUND

In 2015, Hawkins pleaded guilty in the Eighth Judicial District Court for Clark County, Nevada to (1) conspiracy to commit murder; (2) burglary while in possession of a deadly weapon; (3) murder with use of a deadly weapon; and (4) ownership or possession of a firearm by a prohibited person. ECF No. 44-2 at 2. The state district court sentenced Hawkins to an aggregate sentence of life without possibility of parole, plus 8 to 20 years imprisonment. *Id.* at 3. Hawkins unsuccessfully sought relief in state court on direct appeal and in postconviction proceedings. ECF Nos. 44-18; 44-19; 45-2; 49-6.

III.    APPLICABLE LEGAL PRINCIPLES

      A.    **Exhaustion and Procedural Default**

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in

the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity" as it gives the States "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (relying on *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). A state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32.

Where a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause, the petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hiivala v. Wood*, 195 F.3d. 1098, 1105 (9th Cir. 1999). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors . . . at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734–35 (2022) (citing *Carrier*, 477 U.S. at 494 and quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel for

purpose of overcoming the procedural default of that claim. The Court in *Martinez* stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012); *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

### B. Stay and Abeyance

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing the right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–77 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). "Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). The *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1023–24 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). However, courts must "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77). "This Court has declined to prescribe the strictest possible standard for issuance of a stay." *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.*

The Ninth Circuit has held that the ineffective assistance of post-conviction counsel can constitute good cause to obtain a stay for purposes of exhausting a claim in state court. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014). However, "[g]ood cause requires more than just a 'bald assertion[;]'" rather, it "turns on whether the petitioner can set forth a reasonable excuse,

supported by sufficient evidence, to justify [the failure to exhaust]." *Id.* "[G]ood cause under *Rhines*, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Dixon v. Baker*, 847 F.3d 714, 721, (9th Cir. 2017) (finding lack of postconviction counsel sufficient good cause for a stay). The Ninth Circuit has recently ruled that a district court is required to consider whether post-conviction counsel's alleged ineffectiveness provided a reasonable excuse, supported by sufficient evidence, to justify a petitioner's failure to exhaust claims. *Bolin v. Baker*, 994 F.3d 1154 (9th Cir. 2021).

## IV. DISCUSSION

Hawkins alleges there is good cause for a stay under *Rhines* because his post-conviction counsel was ineffective in failing to present "new claims for relief" for Grounds 1, 2(A), 3, and 6. (ECF No. 31 at 2; 62 at 2–3.) Respondents concede Grounds 1–3 "were not fairly presented to the state courts." (ECF No. 61 at 5.) Hawkins relies on *Blake*, 745 F.3d 977, for his claim that postconviction counsel's ineffective assistance can constitute good cause to grant a stay under *Rhines*. (ECF Nos. 31; 62). In *Blake*, however, the petitioner specified that he sought a *Rhines* stay to return to state court to exhaust a brand-new claim that was never raised in the state postconviction proceedings, i.e., that trial counsel was ineffective for failing to discover and present to the jury evidence of Blake's abusive upbringing and history of mental illness. *Blake*, 745 F.3d at 979. Here, Hawkins asserts in his petition that Grounds 1, 2(A), 3, and 6(A) include claims that are the same or similar to those raised in state direct appeal or postconviction proceedings (ECF No. 22 at 13, 18, 29, 34) but he does not specify which claims contained in those grounds were never fairly presented to the state courts.  His motion for stay and abeyance likewise fails to specify which claims are unexhausted due to postconviction counsel's failure to raise them in the state postconviction proceedings. Without Hawkins specifying which claims are unexhausted, the Court is unable to determine two of the three *Rhines* prongs, i.e., whether there is good cause for a stay to return to state court to exhaust a claim and whether the unexhausted claim is not plainly meritless. *Dixon*, 847 F.3d at 722 (Petitioner must show at least one of his unexhausted claims is not "plainly meritless.").

For the reasons, the Court finds Hawkins has failed to demonstrate the requirements for a *Rhines* stay and the motion for stay will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Hawkins's Motion for a Stay and Abeyance **(ECF No. 31) is DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Hawkins must respond to Respondents' Motion to Dismiss (ECF No. 33) within 30 days entry of this Order (*See* ECF No. 55).

DATED: November 7, 2022.

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE