UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CORRY ALEXIS HAWKINS, <br><br>          Petitioner <br><br> v. <br><br> CALVIN JOHNSON[1], *et al.*, <br><br>          Respondents | Case No. 2:20-cv-01852-CDS-VCF <br><br> ORDER <br><br> [ECF No. 33] |

This habeas action is brought by Petitioner Corry Alexis Hawkins under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 33) Grounds 1-4 as untimely or as unexhausted and/or procedurally defaulted. For the reasons discussed below, Respondents' motion is denied.

**I.    Background**

Hawkins challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). On September 26, 2016, the state court entered a judgment of conviction for conspiracy to commit murder, burglary while in possession of a deadly weapon, murder with use of a deadly weapon, and ownership or possession of a firearm by prohibited person. ECF No. 44-2. The state court sentenced Hawkins to life without the possibility of parole as to the murder count.[2] *Id*. The Nevada Court of Appeals affirmed the conviction. ECF No. 44-18.

---

[1] The department's website reflects that Brian Williams is the warden of High Desert State Prison, where Petitioner is incarcerated. *See https://doc.nv.gov/Facilities/HDSP_Facility/* (retrieved February 2023). At the end of this order, the Clerk of the Court is directed to substitute Petitioner's current immediate physical custodian, Brian Williams, as Respondent for the prior Respondent Calvin Johnson pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The state court sentenced Hawkins to concurrent sentences of 48 to 120 months as to the conspiracy to commit murder count, 72 to 180 months as to the burglary count, 28 to 72 months as to the ownership or possession of a firearm by prohibited person count, and 96 to 240 months for the deadly weapon enhancement. ECF No. 44-2.

On April 4, 2018, Hawkins filed a state habeas petition and after appointment of counsel, he filed a supplemental state habeas petition. ECF Nos. 44-25, 45-9. The state court denied postconviction relief and the Nevada Court of Appeals affirmed the denial of relief. ECF Nos. 48-5, 49-6.

On September 1, 2020, Hawkins initiated this federal habeas proceeding *pro se*. ECF No. 9. On May 24, 2021, following appointment of counsel, Hawkins filed a motion for leave to file a second amended petition with his first amended petition attached as an exhibit. ECF Nos. 14, 14-1. In its order granting Hawkins' motion for leave, Judge Jennifer Dorsey "assume[d] Hawkins intended to file the first amended petition as a separate docket entry and that he made a clerical error," and instructed Hawkins "to file the first amended petition for the sake of a consistent record." ECF No. 20 at 2. Judge Dorsey ordered Hawkins to file his first amended petition that was currently in the docket at ECF No. 14-1 no later than December 17, 2021. *Id*. at 3. Hawkins filed his first amended petition as a separate docket entry on December 15, 2021. ECF No. 21. Hawkins filed his second amended petition on February 15, 2022. ECF No. 22.

Respondents move to dismiss Grounds 1-4 as untimely. They argue that the first amended petition is untimely because it was filed after the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations period expired on August 3, 2021. They assert that Ground 1 and Grounds 2-4, in part, do not relate back to Hawkins's timely filed *pro se* petition. In addition, Respondents argue the Grounds 1-4 are unexhausted in part, and procedurally defaulted in part.

II.   Discussion

   a.   Timeliness

AEDPA establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id*. § 2244(d)(1)(A). The AEDPA

limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Hawkins's conviction became final after the Nevada Court of Appeals decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court on March 28, 2018. The federal statute of limitations began running the following day. Hawkins timely filed his state petition on April 8, 2018, tolling the AEDPA clock. As a result, 7 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 358 days of the AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on August 10, 2020, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 358 days later on August 4, 2021.

Although Respondents acknowledge that Hawkins's first amended petition was filed as an exhibit to his motion for leave to file a second amended petition on May 24, 2021, they argue that his first amended petition is untimely because it was not filed as a separate docket entry until December 15, 2021. They assert that the first amended petition is untimely because Judge Dorsey did not acknowledge May 24, 2021 as the filing date when commenting that Hawkins made a clerical error in its order granting Hawkins's motion for leave. ECF No. 69 at 2-3.

May 24, 2021 is accepted, *nunc pro tunc*, as the filing date of the first amended petition.[3] Respondents do not argue that they did not receive notice that the first amended petition was filed as an exhibit on May 24, 2021; nor do they argue bad faith, undue delay, or that they will suffer prejudice. Rather, Respondents base their argument on a technicality, that the first amended petition was not filed as a separate docket entry. Moreover, Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Respondents had yet to file a

---

[3] *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) (holding the district court properly exercised its equitable powers to accept resubmitted habeas petition *nunc pro tunc* to date of original filing after it erroneously dismissed original, mixed petition without allowing the petitioner the opportunity to amend).

3

responsive pleading, Hawkins was arguably entitled to amend his petition "as a matter of course" under Rule 15(a)(1)(B).[4] Hawkins's interest in having his claims reviewed and the public policy of facilitating a decision on the merits, rather than on the pleadings or technicalities outweigh Respondents' argument in opposition. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Accordingly, upon review of the claims alleged in the first amended petition, Respondents' argument that Grounds 1-4 do not relate back to a timely petition fails and Respondents' motion to dismiss Grounds 1-4 as untimely is denied.

### b. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

"Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Thus, a petitioner may provide additional facts in support of a

---

[4] Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

claim to the federal habeas court so long as those facts do not fundamentally alter the legal claim that was presented to the state courts. *See, e.g., Vazquez v. Hillery*, 474 U.S. 254, 260 (1986).

"A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). "[T]his rule allows a petitioner who presented a particular [ineffective assistance of counsel] claim, for example, that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim." *Poyson v. Ryan*, 879 F.3d 875, 895 (9th Cir. 2018) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)). However, "[i]t does not mean … that a petitioner who presented an ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id.*

### i. Ruling on Ground 1 is deferred.

Petitioner acknowledges that Ground 1 was not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. (ECF No. 66 at 17-21.) A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general

5

rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding … and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[5] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

---

[5] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Here, it is clear that Hawkins would face multiple procedural bars if he were to return to state court with his unexhausted claim. *See, e.g.*, NRS 34.726, 34.810. Hawkins advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. I thus read Hawkins's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider said claims technically exhausted on that basis.

Respondents request deferring ruling on whether Ground 1 is procedurally defaulted given the fact-intensive nature of the claims and Hawkins's cause and prejudice arguments. ECF No. 69 at 7-9. I agree that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, I will defer a determination on whether Hawkins can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Grounds 1 as procedurally defaulted is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

### ii. Ground 2

#### 1. Ground 2 is exhausted.

In Ground 2, Hawkins alleges that his plea was not knowing, intelligent, or voluntary because (a) trial counsel rendered ineffective counsel, (b) trial counsel advised Hawkins to plead guilty, (c) trial counsel coerced Hawkins to plead guilty, and (d) the prosecution withheld exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Respondents assert that Ground 2 is unexhausted in part because Hawkins failed to present the following factual arguments to the state appellate court:

- The proffer notes suggest Hawkins believed a drug deal was going to take place and Hawkins told Jessica Austin "he didn't do it." ECF No. 22 at 15.

- Trial counsel could have impeached Austin with both her voluntary statement to police (where she denied Hawkins was at the shooting) and her proffer notes. ECF No. 22 at 16.

- Trial counsel notes her suspicions that Austin would turn on Hawkins and testify against him in 2011. ECF No. 22 at 16-17.

- Two months prior to trial, the mitigation expert hired by the defense warned trial counsel that Austin was likely cooperating with prosecution and would testify against Hawkins. ECF No. 22 at 17.

- Hawkins had no knowledge of how the evidence could be used to avoid the death penalty during the penalty phase at trial. ECF No. 22 at 18-19. Hawkins' counsel advised him to plead guilty even though he had a viable defense at trial (he was not the shooter of Nathan Paet and had very limited knowledge about what happened to Paet) and a viable defense against the death penalty (a robust mitigation presentation). ECF No. 22 at 19.

ECF No. 69 at 9-10.

Hawkins contends that none of the additional facts alleged in support of his claim fundamentally alter the claims that were presented to the state courts. ECF No. 66 at 13-14. Hawkins also argues that the Nevada Court of Appeals barred his claim under the doctrine of the law of the case because his claims were already considered and rejected on direct appeal. *Id.* at 14. He asserts that such ruling is reviewable because it was a decision on the merits. *Id.*

Here, Hawkins demonstrates that he alleged that he did not have knowledge of how evidence could have been used to avoid the death penalty and that his attorney advised him to plead guilty even though he had a viable defense in his opening brief on direct appeal. ECF No. 66 at 11-12. Further, Hawkins presented allegations to the state appellate court that trial counsel rendered ineffective assistance because counsel failed to adequately investigate proffer notes from a co-defendant, Austin. Hawkins also presented allegations to the state appellate court that counsel rendered ineffective assistance for advising Hawkins to plead guilty before investigating the proffer notes and Austin. The newly alleged facts do not place Hawkins's claims in a significantly different or stronger posture than the claims presented to the state courts and are not instances of ineffective assistance unrelated to Hawkins's claims. The claims in Ground 2 are exhausted.

### 2. Ground 2 is not procedurally defaulted.

Respondents argue that Ground 2 is procedurally defaulted because when Hawkins renewed his claims to the Nevada Court of Appeals, the state appellate court applied the law of the case doctrine. ECF No. 69 at 10-11. In its ruling on these claims on the appeal of Hawkins's state habeas petition, the Nevada Court of Appeals looked back to a conclusion it reached in ruling on Hawkins's claims on direct appeal. ECF No. 49-6 at 3-4. Respondents assert that "any

additional arguments that Hawkins raised on habeas appeal to support his renewed challenge regarding the voluntariness of his pleas in Ground 2 is procedurally defaulted." ECF No. 33 at 13.

The Nevada Court of Appeals found that "[b]ecause these claims have already been considered and rejected by this court, the doctrine of the law of the case prevents further consideration of these claims." ECF No. 49-6 at 3. The Nevada Court of Appeals applied the Nevada law of the case doctrine, and such a rule does not give rise to a procedural default. *See Cone v. Bell*, 556 U.S. 449, 466 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review."). This claim was raised and resolved on the merits on direct appeal—thus, the application of the law of the case doctrine in Hawkins's state habeas action. The motion to dismiss is denied with respect to Ground 2.

### iii. Ground 3

#### 1. Ground 3 is exhausted.

In Ground 3, Hawkins alleges that counsel rendered ineffective assistance for failing to investigate Austin, the State's witness. ECF No. 22 at 25-29. Respondents assert that Ground 3 is unexhausted in part because Hawkins failed to present the following factual arguments to the state appellate court:

- Trial counsel noted her suspicions that Austin would turn on Hawkins and testify against him in 2011. ECF No. 22 at 28.

- Two months prior to trial, the mitigation expert hired by the defense warned trial counsel that Austin was likely cooperating with prosecution and would testify against Hawkins. ECF No. 22 at 28.

- Had trial counsel investigated Austin, counsel would have discovered that Austin was in contact with an individual named Jason Thorpe. ECF No. 22 at 28. Close to the time of Austin's arrest, Austin sent Thorpe a series of letters which laid out her plan to implicate Hawkins in the murder so she could get a better deal and get out of custody. ECF No. 22 at 28. Had trial counsel investigated Austin, counsel would have learned of Thorpe and that Thorpe would say Hawkins never made any admissions to him that he murdered Nathan Paet. More importantly, Austin never told Thorpe Hawkins was the shooter. ECF No. 22 at 28.

ECF No. 69 at 11.

Here, Hawkins demonstrates that he alleged to the state appellate court in his opening brief appealing the denial of his state habeas petition that had trial counsel investigated Austin, counsel would have discovered that Austin was in contact with Thorpe. ECF No. 66 at 10-11. Further, the newly alleged facts do not place Hawkins's claims in a significantly different or stronger posture than the claims presented to the state courts and are not instances of ineffective assistance unrelated to the claims Hawkins alleged before the state appellate court. Ground 3 is exhausted.

### 2. Ground 3 is not procedurally defaulted.

Respondents argue Ground 3 is procedurally defaulted because the state appellate court applied the law of the case doctrine in its ruling. ECF No. 69 at 12. As stated previously, the application of the law of the case doctrine here does not give rise to a procedural default. *Cone*, 556 U.S. at 466. The motion to dismiss is denied with respect to Ground 3.

### iv. Ground 4

#### 1. Ground 4 is exhausted.

In Ground 4, Hawkins alleges that his counsel rendered ineffective assistance for advising Hawkins to plead guilty. ECF No. 22 at 29-32. Respondents assert that Ground 4 is unexhausted in part because Hawkins failed to present the following factual arguments to the state appellate court:

- Hawkins' counsel advised him to plead guilty even though he had a viable defense at trial (he was not the shooter of Nathan Paet and had very limited knowledge about what happened to Paet) and a viable defense against the death penalty (a robust mitigation presentation). ECF No. 22 at 30.

- Trial counsel was ineffective for misunderstanding proffer notes turned over to Hawkins just weeks before Hawkins' death penalty trial was to begin. ECF No. 22 at 30-32.

- Hawkins was never given the proffer notes to look at himself. ECF No. 22 at 31-32.

- The proffer notes suggest Hawkins believed a drug deal was going to take place and Hawkins told Jessica Austin "he didn't do it." ECF No. 22 at 31.

- Trial counsel could have impeached Austin with both her voluntary statement to police (where she denied Hawkins was at the shooting) and her proffer notes. ECF No. 22 at 32.

ECF No. 69 at 12-13. Here, Hawkins demonstrates that on direct appeal he alleged that his attorney advised him to plead guilty even though he had a viable defense in his opening brief on direct appeal. ECF No. 66 at 11-12. On appeal of his state habeas petition, Hawkins alleged that counsel never provided him the proffer notes and that counsel erroneously read the proffer notes. ECF No. 66 at 9-12. The remaining newly alleged facts do not place Hawkins's claims in a significantly different or stronger posture than the claims presented to the state courts. Ground 4 is exhausted.

### 2. Ground 4 is not procedurally defaulted.

Respondents argue that Ground 4 is procedurally defaulted because when Hawkins renewed his claims to the Nevada Court of Appeals, the state appellate court applied the law of the case doctrine. ECF No. 69 at 10-11. Although the Nevada Court of Appeals applied the law of the case doctrine, such a rule does not give rise to a procedural default. *See Cone v. Bell*, 556 U.S. at 466. Accordingly, the motion to dismiss is denied with respect to Ground 4.

### III.   Conclusion

It is therefore ordered that Respondents' Motion to Dismiss [ECF No. 33] is DENIED as follows:

    a.  I defer consideration of whether Hawkins can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of Ground 1 until the time of merits review. Respondents may reassert the procedural default argument with respect to this claim in their answer.

    b.  Grounds 2-4 are exhausted and not procedurally defaulted.

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the second amended petition. In all other respects, the briefing schedule set forth in the February 5, 2021, order (ECF No. 13) remains in effect.

DATED: March 1, 2023

_____
UNITED STATES DISTRICT JUDGE